IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RICHARD BELSER, AIS # 154937,**     ) | |
| ) | |
| **Petitioner,**     ) | |
| ) | |
| v.     ) | **CASE NO. 2:08-cv-285-WKW** |
| ) | |
| **STATE OF ALABAMA,** *et al.*,     ) | |
| ) | |
| **Respondents,**     ) | |

## ORDER

This case is before the court on the Petition for Writ of Habeas Corpus (Doc. # 1) filed by Richard Belser, a state inmate, in which he challenges his convictions for theft of property and attempted assault and the sentence imposed upon him in August 998 by the Circuit Court of Montgomery County, Alabama.  On April 16, 2008, the Magistrate Judge filed a Recommendation (Doc. # 4) that the petition for habeas relief be denied and the case dismissed.  The court lacks jurisdiction to grant the requested relief where the petitioner has not sought and received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.

On April 24, 2008, the petitioner filed an Objection (Doc. # 5) to the Recommendation.  Throughout his Objection, Belser argues that the court should treat the instant successive habeas petition "as a first petition because the first [2003 petition] was dismissed without prejudice." (Doc. # 5, at 1.)  This assertion is patently incorrect as the first habeas action was dismissed by this court "with prejudice as time barred."[1]  Belser's argument that a jurisdictional defect at sentencing

---

[1] See the Recommendation of the Magistrate Judge (Doc. # 18), which was adopted as the opinion of the court by Order (Doc. # 27) dated December 16, 2003, in *Belser v. Alabama, et al.*, Case No. 2:03-CV-328.

is not time barred due to equitable tolling is irrelevant to the issue of the successive nature of the present habeas petition.  Furthermore, there are no circumstances present in this case that would entitle Belser to transfer or stay the action.

The law is well settled that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Belser does not challenge the denial of his previous habeas action as untimely and, therefore, the present action is a second or successive habeas petition.  It is undisputed that Belser has not received the requisite order from a three-judge panel of the appellate court authorizing this court to consider a successive petition for habeas corpus relief.

After an independent and *de novo* review of the file in this case and upon consideration of the Recommendation and Petitioner's Objection, it is ORDERED that:

1. The Objection (Doc. # 5) to the Recommendation of the Magistrate Judge is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 4) is ADOPTED;

3. The Petition for Writ of Habeas Corpus (Doc. # 1) is DENIED; and

4. This case is DISMISSED without prejudice.

An appropriate judgement will be entered.

DONE this 19th day of June, 2008.

                                        /s/  W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE